UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
THE NEW YORK TIMES COMPANY,
                          Plaintiff,

            -v-

FEDERAL BUREAU OF
INVESTIGATION,
                          Defendant.
———————————————————————

22-CV-3590 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff The New York Times Company ("the Times") brings this action against Defendant the Federal Bureau of Investigation ("FBI") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The Times seeks a copy of a report from the FBI's Behavioral Analysis Unit ("BAU") on the phenomenon known as "Havana Syndrome." The parties cross-moved for summary judgment on the question whether the requested document is exempt from disclosure under FOIA Exemptions 6, 7(A), 7(C), and 7(E), 5 U.S.C. § 552(b)(6) and (7). On August 9, 2023, the Court denied both parties' motions for summary judgment, subject to *in camera* review. The Court has now reviewed the report in light of the FOIA exemptions claimed by the FBI. For the reasons that follow, both parties' motions are granted in part and denied in part.

**I.    Background**

    The Court assumes familiarity with the factual background and procedural history, as set forth in its August 2023 Opinion and Order. *N.Y. Times Co. v. Fed. Bureau of Investigation*, No. 22-CV-3590, 2023 WL 5098071 (S.D.N.Y. Aug. 9, 2023) (ECF No. 39). As relevant here, the Court denied both parties' motions for summary judgment without prejudice to renewal following the Court's *in camera* review of the BAU Report ("Report"). *Id.* at *6 (ECF No. 39 at 12). The Court held that the FBI properly invoked FOIA Exemptions 6 and 7(C) for the narrow

1

purpose of withholding three specific categories of information but failed to meet its burden to justify withholding the Report in full under Exemptions 7(A) or 7(E). *Id.* at \*3-5 (ECF No. 39 at 6-11). The Court also held that there remained genuine disputes of material fact that prevented it from granting the Times' cross-motion. *Id.* at \*5 (ECF No. 39 at 11). Accordingly, the Court ordered the FBI to submit an unredacted version of the Report for *in camera* review. *Id.* at \*6 (ECF No. 39 at 12).

On August 30, 2023, the FBI submitted the unredacted Report, along with a supplemental declaration from Paul H. Haertel, Assistant Director of the FBI's Critical Incident Response Group. (ECF No. 42; ECF No. 43-1.) In a letter accompanying its filing, the FBI stated that it was no longer asserting Exemption 7(A) because "disclosure of the BAU Report is no longer likely to interfere with the FBI's ongoing investigations in connection with [anomalous health incidents]." (ECF No. 43 at 1.) The FBI continues to assert Exemptions 6 and 7(C) to withhold specific information identified in the submitted copy of the Report, as well as Exemption 7(E) to withhold the Report in full. (*Id.*) Following the submission of the Report, the Court deems both parties' motions for summary judgment to be renewed.

## II.     Legal Standard

### A.     Summary Judgment

"Summary judgment is the procedural vehicle by which most FOIA actions are resolved." *N.Y. Times Co. v. U.S. Dep't of Def.*, 499 F. Supp. 2d 501, 509 (S.D.N.Y. 2007) (internal quotation marks and citation omitted). A moving party is entitled to summary judgment if it can "show[] that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," while a

fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether there exists a genuine dispute as to a material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)). When there are cross-motions for summary judgment, "each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." *Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 121 (2d Cir. 2001).

### B.   FOIA

The FOIA statute "reflects 'a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language.'" *Seife v. U.S. Food & Drug Admin.*, 43 F.4th 231, 234 (2d Cir. 2022) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 360-61 (1976)). Therefore, "[u]pon request, FOIA mandates disclosure of records held by a federal agency . . . unless the documents fall within enumerated exemptions." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 7 (2001). "[D]isclosure, not secrecy, is the dominant objective of the Act." *Dep't of Air Force*, 425 U.S. at 361. The exemptions, then, are given a "narrow compass." *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 151 (1989).

"An agency withholding documents responsive to a FOIA request bears the burden of proving the applicability of claimed exemptions." *ACLU v. Dep't of Just.*, 681 F.3d 61, 69 (2d Cir. 2012). "Affidavits or declarations . . . giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." *Id.* (internal quotation marks and citation omitted). That being said, "[a]ll doubts are resolved in

favor of disclosure." *Seife*, 43 F.4th at 235 (quoting *Bloomberg, L.P. v. Bd. of Governors of the Fed. Rsrv. Sys.*, 601 F.3d 143, 147 (2d Cir. 2010)).

In a FOIA case, summary judgment is appropriate when the agency's declarations "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith." *ACLU v. Dep't of Just.*, 681 F.3d at 69 (internal quotation marks and citation omitted); *see also ACLU v. U.S. Dep't of Def.*, 901 F.3d 125, 133 (2d Cir. 2018) ("Thus, the agency's justification is sufficient if it appears logical and plausible.").

In 2016, Congress enacted the FOIA Improvement Act ("FIA") "out of concern that some agencies [were] overusing FOIA exemptions." *Seife*, 43 F.4th at 235 (internal quotation marks and citation omitted). Under the FIA, an agency is permitted to withhold information only if it falls within a FOIA exemption and at least one of two additional requirements is met. The requirements are that:

> (I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or
> (II) disclosure is prohibited by law[.]

5 U.S.C. § 552(a)(8)(A)(i)(I)-(II). The Second Circuit has described the FIA as imposing "an additional, independent burden on the agency." *Seife*, 43 F.4th at 235.

The FOIA statute mandates that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b). "This provision requires agencies and courts to differentiate among the contents of a document rather than to treat it as an indivisible 'record' for

4

FOIA purposes." *Seife v. U.S. Dep't of State*, 298 F. Supp. 3d 592, 629 (S.D.N.Y. 2018) (quoting *Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 626 (1982)).

"A district court may review documents *in camera* to determine whether they are exempt under FOIA, and if so, whether any reasonably segregable portions may be released." *ACLU v. Fed. Bureau of Investigation*, 59 F. Supp. 3d 584, 589 (S.D.N.Y. 2014). "[I]f information contained in agency affidavits is contradicted by other evidence in the record . . . in camera inspection may be necessary to insure that agencies do not misuse the FOIA exemptions to conceal non-exempt information." *Id.* (quoting *Carter v. U.S. Dep't of Com.*, 830 F.2d 388, 393 (D.C. Cir. 1987)). While *in camera* review is considered "the exception, not the rule," the Court retains discretion as to when it is appropriate. *Id.* (quoting *Local 3, Int'l Bhd. of Elec. Workers v. NLRB*, 845 F.2d 1177, 1180 (2d Cir. 1988)).

### III. Discussion

The Court has reviewed the Report in light of the FOIA exemptions still claimed by the FBI and addresses the asserted exemptions in turn.

#### A. Exemption 7(E)

The FBI continues to assert that the entire Report is exempt from disclosure under Exemption 7(E). (ECF No. 43 at 1.) Under Exemption 7(E), agencies may withhold records compiled for law enforcement purposes that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

The FBI asserts that "release of any part of the BAU Report would reveal nonpublic techniques, methodologies, and information relating to behavioral analysis that would allow criminals to circumvent current and future FBI investigations and law." (ECF No. 37 at 4.) The

5

FBI also argues that any information or facts in the Report that overlap with public disclosures or reporting about Havana Syndrome "are inextricably intertwined with the techniques and procedures employed by BAU that are being protected with Exemption 7(E) to prevent circumvention of law." (*Id*.)  Based on the parties' submissions, the Court, in its August 2023 Opinion, was unable to determine whether any, some, or all of the techniques employed to produce the Report were generally known to the public and, therefore, not protected by Exemption 7(E).  *N.Y. Times*, 2023 WL 5098071 at *5 (ECF No. 39 at 10).  Accordingly, the Court ordered the FBI to produce the Report for *in camera* review.  *Id.* at *6 (ECF No. 39 at 12).

As a threshold matter, the Report was compiled for law enforcement purposes, given that it was prepared as part of the FBI's investigation into Havana Syndrome.  (ECF No. 21 ¶ 15.)  *See N.Y. Times Co. v. Dep't of Just.*, 390 F. Supp. 3d 499, 514 (S.D.N.Y. 2019) ("[T]he term 'compiled' in exemption 7 is broad; it requires only that a document be created, gathered, or used by an agency for law enforcement purposes at some time before the agency invokes the exemption." (internal quotation marks and citation omitted)).

"Techniques and procedures . . . refers to how law enforcement officials go about investigating a crime."  *Knight First Amend. Inst. at Columbia Univ. v. U.S. Citizenship & Immigr. Servs.*, 30 F.4th 318, 329 (2d Cir. 2022) (quoting *Allard K. Lowenstein Int'l Hum. Rts. Project v. Dep't of Homeland Sec.*, 626 F.3d 678, 682 (2d Cir. 2010)).  Within this Circuit, courts have applied Exemption 7(E) to "investigative techniques not generally known to the public," *ACLU v. Dep't of Just.*, No. 12-CV-7412, 2014 WL 956303, at *7 (S.D.N.Y. Mar. 11, 2014), as well as to techniques whose use or application in specific circumstances is not generally known to the public*, see N.Y. C.L. Union v. Dep't of Homeland Sec*., 771 F. Supp. 2d 289, 292-93 (S.D.N.Y. 2011).  "Exemption 7(E) sets a relatively low bar for the agency to justify

6

withholding: Rather than requiring a highly specific burden of showing how the law will be circumvented, [E]xemption 7(E) only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law." *Brennan Ctr. for Just. at N.Y. Univ. Sch. of L. v. Dep't of Homeland Sec.*, 331 F. Supp. 3d 74, 98-99 (S.D.N.Y. 2018) (quoting *Blackwell v. Fed. Bureau of Investigation*, 646 F.3d 37, 42 (D.C. Cir. 2011)).

Upon consideration of the FBI's *in camera* submission, the Court concludes that the Report does contain descriptions of techniques and procedures whose disclosure could reasonably be expected to risk circumvention of the law. Any further description of these techniques and procedures in this Opinion could risk compromising law enforcement. However, the Court also concludes that Exemption 7(E) does not justify withholding the Report in full.

First, the FBI improperly invoked Exemption 7(E) to shield information about techniques and procedures that are generally known to the public. Specifically, the public has known, since the publication of an article in *The New Yorker* in 2021, that the BAU relied on transcripts of previous FBI interviews with patients, rather than direct interviews, to conduct its Havana Syndrome analysis. (*See* ECF No. 26-2 at 5.) Based on its *in camera* review, the Court determines that there are portions of the Report, describing the BAU's reliance on interview transcripts, that are segregable from the Report's descriptions of investigative techniques, or the specific application of techniques, that are not generally known to the public. None of the FBI's submissions in this case carries its burden of "demonstrating logically how the release" of these portions of the Report "might create a risk of circumvention of the law." *Blackwell*, 646 F.3d at 42 (internal quotation marks and citation omitted). The FBI's conclusory statement that publicly disclosed facts in the Report are "inextricably intertwined" with BAU techniques that must be

protected to prevent circumvention of the law is not borne out by the Court's *in camera* review. It is implausible that the release of the information, which has already been publicly reported, that the BAU relied on interview transcripts for its analysis would somehow increase the risk that bad actors could violate the law or evade detection. Thus, these limited portions of the Report are not shielded by Exemption 7(E) and shall be disclosed.

Second, the Report's discussions of the factual background of the investigation and its conclusions do not fall under Exemption 7(E)'s protective umbrella. In its *in camera* review, the Court has identified numerous passages in the Report that discuss the investigation's facts and findings without revealing any investigative techniques or procedures, whether known or unknown to the public. The Court also determines that these portions are not inextricably intertwined with exempt material contained in the Report. The FBI has failed to demonstrate a logical connection between disclosure of the Report's investigative facts or high-level conclusions—devoid of any discussion of analytical methods unknown to the public—and the risk that bad actors could circumvent the law. The connection appears implausible given the extensive press coverage of Havana Syndrome, as well as prior public reporting that disclosed that the BAU had concluded that Havana Syndrome was "a mass psychogenic illness." (ECF No. 26-2 at 5.)[1] Given the FBI's failure to sustain its burden under FOIA, the Court concludes that the FBI has improperly invoked Exemption 7(E) to withhold these sections of the Report, which shall also be disclosed.[2]

---

[1] As in its August 9, 2023 Opinion and Order, the Court takes judicial notice of the content of public reporting and disclosures about Havana Syndrome for the fact of their existence and not for the truth of their contents. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424 (2d Cir. 2008).

[2] In summary, the Court determines that the following portions of the Report are not exempt under FOIA Exemption 7(E): page 0 (in its entirety, except for paragraph 1, sentence 7, word 8); page 1 (in its entirety, except for the final section heading); page 2, paragraph 1,

B.     Exemptions 6 and 7(C)

Under Exemption 6, agencies may withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 7(C) covers information in records complied for law enforcement purposes that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Id*. § 552(b)(7)(C).

The FBI has jointly invoked Exemptions 6 and 7(C) to withhold (1) the names and phone numbers of FBI Special Agents who performed "coordinating/completing tasks" in support of the creation of the Report; (2) information on the "locations where victims lived and worked and information related to their health, including references to medical reports and records"; and (3) "the title and/or affiliation of specific witnesses at the United States Embassy in Havana, Cuba, who had spoken to or parties who were mentioned to the FBI in connection with the FBI's investigation related to the Havana Syndrome." (ECF No. 21 ¶¶ 32, 35, 38.) The Times does not dispute the application of Exemptions 6 and 7(C) to this information but instead argues that these provisions do not justify withholding the Report in full. (ECF No. 25 at 18.) Based on its *in camera* review, the Court determines that the information identified as protected by these two exemptions is protected under Exemption 7(C) alone, and it therefore need not consider Exemption 6 separately with respect to the same information. *See Roth v. Dep't of Just.*, 642 F.3d 1161, 1173 (D.C. Cir. 2011).

---

sentences 3-6; page 5, first full paragraph, sentence 1, words 13-23; page 5, first full paragraph, sentence 8; page 5, first full paragraph, sentence 10, words 1-14; page 5, second full paragraph; page 21, paragraph 3, sentence 1 (except for words 35-40); page 21, paragraph 4; page 22 (in its entirety, except for paragraph 1, sentences 1-4; paragraph 1, sentence 5, words 1-7; and all footnotes).

Note: the Court refers to the Report's original pagination.

The Court, therefore, will grant summary judgment in favor of the Times to the limited extent that Exemption 7(E) does not justify withholding the Report in its entirety. The FBI is directed to disclose the portions of the Report identified in footnote two of this Opinion to the Times, subject to the marked redactions for withholding under Exemption 7(C).

**IV.     Conclusion**

For the foregoing reasons, the FBI's motion for summary judgment is GRANTED in part and DENIED in part. The New York Times's motion for summary judgment is likewise GRANTED in part and DENIED in part.

The FBI is directed to produce a copy of the Report with redactions consistent with this Opinion and Order within 21 days.

The Clerk of Court is directed to enter judgment and mark this case as closed.

SO ORDERED.

Dated: January 29, 2024
       New York, New York

_____
J. PAUL OETKEN
United States District Judge